UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 1:21-CR-458(RJL) |
| RICHARD CROSBY, JR. | July 14, 2021 |

### DEFENDANT'S MOTION FOR REMOTE ARRAIGNMENT

Counsel for the defendant in the above-captioned matter respectfully moves to hold the arraignment scheduled for July 20, 2021 at 2:30 pm remotely by video-conferencing (VTC or Zoom) rather than in-person. He so moves pursuant to the CARES Act, Pub.L. 112-136, Div. B, Title V, § 15002(b)(1)(E); 18 U.S.C., Pt. II, Ch. 201; and Fed. R. Crim. Pro. 10(c) and 43(a). The defendant, Richard Crosby, Jr., will waive his right to physical presence for this hearing as required by statute and rule. Similarly, counsel for the government has no objection to proceeding remotely. Counsel addresses the bases for this motion herein following a brief history of the case.

This case began on June 3, 2021 when Mr. Crosby was arrested in the District of Connecticut pursuant to a complaint arising out of the District of Columbia relating to the events at the United States Capitol on January 6, 2021. He was presented pursuant to Fed. R. Crim. that day and released on conditions. A preliminary hearing was held by Zoom on June 8, 2021 and Mr. Crosby participated remotely from undersigned counsel's office in New Haven, CT. Additionally, undersigned counsel is a member of the Federal Defender's Office for the District of Connecticut and appointed to represent Mr. Crosby. Between the two referenced hearing dates, it was decided in consultation with the local District of Columbia's Federal Defender office and the Federal Defender in Connecticut that undersigned counsel would continue to represent Mr. Crosby given the volume of cases related to the events of January 6 and the logistical challenges associated with assigning

counsel from a distant district. A grand jury returned an indictment against Mr. Crosby on July 9, 2021 and the hearing that is the subject of this motion was scheduled on July 12.

There are two related reasons to conduct the arraignment by Zoom. First, an in-person arraignment would require both counsel and Mr. Crosby to travel to the District of Columbia on fairly short notice. With respect to undersigned counsel, he is currently preparing motions in a large arson conspiracy case, handling the customary volume of pleas and sentencings a Federal Defender's office handles, and handling backlogged cases resulting from the Covid-19 pandemic. Importantly, counsel also has another out-of-district case in the Eastern District of Oklahoma where he and a colleague are representing a tribal defendant in a murder case as result of the high volume of federal cases that were generated by the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. _ (2020)(requiring major criminal prosecutions on tribal lands to be tried in federal court pursuant to treaties in lieu of state prosecution). Undersigned counsel is scheduled to travel to Oklahoma July 28 for investigative purposes and it attempting to maximize his time in the office to handle other cases and prepare for the investigative trip. Accordingly, travel to the District of Columbia at this time for a hearing that does not, presumably, require the taking of evidence nor legal argument is a significant burden on counsel's ability to defend his many clients. Similarly, counsel would hope to maintain Mr. Crosby's limited resources for travel to the District of Columbia to substantial investigative trips and hearings involving the taking of evidence and significant argument.

Second, and relatedly, while the Covid-19 pandemic has abated in many respects, it continues to warrant caution where the possibility of dangerous, communicable variants is remains real. Travel to the District of Columbia would require significant time spent on public transit and other crowded areas for counsel and his client. In the District of Connecticut, masks are still

2

required in federal courthouses and prisons and as noted, counsel needs to travel to the District of Oklahoma the week following the scheduled arraignment—a matter that cannot be postponed and requires counsel physical presence. Accordingly, counsel hopes to avoid unnecessary risks in order to protect his clients and his carefully laid investigative plans given the number of serious matters he has in which time is of the essence. Similarly, counsel hopes to have Mr. Crosby avoid any such risks as well.

Finally, Mr. Crosby will consent to the use of Zoom for his arraignment. Counsel anticipates seeing Mr. Crosby on Thursday July 15, 2021 and will have him execute a written waiver for filing at that time. Additionally, counsel for the government, Assistant United States Attorney Douglas Collyer consents to the granting of this motion.

WHEREFORE, undersigned counsel respectfully requests the July 20, 2021 arraignment be convened by Zoom or similar VTC technology.

Respectfully Submitted,

/s/Daniel M. Erwin/s/
By Daniel M. Erwin (ct28947)
FEDERAL DEFENDER'S OFFICE
265 Church Street; Suite 702
New Haven, CT 06510
Tel: (860) 493-6260
Email: Daniel_Erwin@fd.org

CERTIFICATION OF SERVICE

This is to certify that on July 14, 2021, a copy of the forgoing was filed electronically via the Court's CM/ECF system, and by that system, counsel for the Government has been provided with a copy of the forgoing.

/s/Daniel M. Erwin/s/
Daniel M. Erwin