UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

             vs.                       CRIMINAL NO. 1:21-CR-458(RJL)

RICHARD CROSBY, JR.               October 22, 2021

### **DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Counsel for the defendant in the above-captioned matter respectfully moves to modify the condition of release regarding the duration of treatment, ordered at the September 26, 2021 status conference, to conform to the circumstances presented by Mr. Crosby's treatment provider. Specifically, the court's order contemplated in-patient treatment of no fewer than 30 days. Further information has been developed that the treatment provider's protocol contemplates 26 to 30 days of treatment followed by an intensive outpatient treatment plan that has been developed. Counsel has conferred with Senior United States Probation Officer Patrick Norton who supports this plan. Counsel for the government has no objection to the granting of this motion. The defense contends there is good cause for the granting of this motion insofar as:

1. During the September 28, 2021 status conference Mr. Crosby's bond was addressed in regards to a recent State of Connecticut misdemeanor drug charge. At that time, the defense was in the process of seeking admission to a local inpatient drug treatment facility.[1] The court inquired of counsel how long that treatment was anticipated to last. Counsel stated that based upon his

————————————————

[1] The full names, locations, and other information regarding the pertinent treatment providers has been disclosed to the United States Probation Office. Given the fact that most of the information cited in this motion is protected by the *Health Insurance Portability and Accountability Act of 1996* (HIPPA) or is otherwise intensely personal, counsel has limited his rendition of the facts only to the material points for the public filing.

experience with local providers of this nature, he anticipated 30 but that providers made their own determination upon the conclusion of approximately a month. The court ordered inpatient treatment of no fewer than 30 days.

2.  Mr. Crosby was admitted and reported to treatment on September 30, 2021.

3. Counsel and a staff member from his office participated in a Zoom meeting with Mr. Crosby's treatment team on October 14, 2021. During that meeting, the facility's care planning coordinator and his primary clinician explained to counsel that the facility's protocol was to discharge patients after 26 to 30 days of inpatient treatment unless a need persisted. They stated that it was too early to state the point at which they would seek discharge but that 28 days was a, so-called, working number. During an October 21, 2021 treatment team conference call, on which Officer Norton was present, providers were still unable to state an exact discharge date but estimated October 28, 2021 as the most likely.

4. The primary purpose of the meetings were to develop Mr. Crosby's discharge plan. Pursuant to the plan, Mr. Crosby will be discharged to his residence to undergo a 52-week outpatient program that begins with 4 meetings per week with his treatment team and incrementally draws down as appropriate. Mr. Crosby will be given an intake meeting with the outpatient program the day his is discharged from the current provider so that services can be ordered that day and there will be no lapse in treatment. Moreover, the provider's patient care coordinator has stated that Mr. Crosby's insurance carrier will cover the plan.

5. Undersigned counsel's concern is that, once Mr. Crosby's clinicians have determined that he is suitable for discharge, his stay that the treatment facility will no longer be covered by insurance—assuming that the facility would even entertain treating him for an additional 2 to 4 days. Accordingly, counsel is concerned that Mr. Crosby could fall between the court's order of 30

2

days, his provider's recommendation of 26 to 29 days, and his insurance company's unwillingness to pay for anything the exceeds what the provider recommends.

6. Accordingly, the defense respectfully request that the court modify its September 28 ruling to conform to the circumstances now developed. There is good cause for doing so. First, there is a continued intensive treatment plan in place with assurances it will be covered: there will be no lapse in treatment. Second, these circumstances are clinically prescribed: no part of this is coming from Mr. Crosby nor a desire to leave treatment and the clinician describe him as engaged. It is a function of the clinicians treating him, the clinic's protocols, and their combined judgment. Finally, there remains a possibility that Mr. Crosby will complete 30 days if his clinicians decided it is warranted. However, once the final discharge date is determined, it will likely be too later to file this motion.

7. Probation has been consulted regarding this plan and supports it. Additionally, probation is in contact with the treatment providers.

8. Counsel for the government has no objection to this motion.

WHEREFORE, the defense respectfully requests that the court's September 28 order be amended to require that "Mr. Crosby shall participate in an inpatient drug and alcohol treatment of no fewer than 26 days but in no circumstances shall he discharge against the advice, or without the satisfaction, of his treatment provider."

Respectfully Submitted,

/s/Daniel M. Erwin/s/
By Daniel M. Erwin (ct28947)
FEDERAL DEFENDER'S OFFICE
265 Church Street; Suite 702
New Haven, CT 06510
Tel: (860) 493-6260
Email: Daniel_Erwin@fd.org

3

<u>CERTIFICATION OF SERVICE</u>

This is to certify that on October 22, 2021, a copy of the forgoing was filed electronically via the Court's CM/ECF system, and by that system, counsel for the Government has been provided with a copy of the forgoing.

<u>/s/Daniel M. Erwin/s/</u>
Daniel M. Erwin