UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Case No. 21-458 (RJL) |
| | ) |
| RICHARD T. CROSBY, JR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**
August 22, 2023 [Dkt. #49]

Before this Court is defendant Richard T. Crosby, Jr.'s ("defendant" or "Crosby") motion to dismiss Count One of the indictment, charging him with felony obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c). At the heart of Crosby's motion lies a claim of selective prosecution, based on the Government's decision to charge him with a felony instead of a misdemeanor. According to Crosby, the only difference between his conduct on January 6, 2021, and that of hundreds of other rioters who were charged only with misdemeanors is that Crosby entered the Senate chamber and lingered there for almost ten minutes. This action, Crosby argues, is not enough to justify more serious charges and reveals that he has been singled out from among a class of "similarly situated" misdemeanants.

I disagree. Even assuming Crosby's "prosecution was improperly motivated, i.e., based on race, religion or another arbitrary classification," *Branch Ministries v. Rossotti*, 211 F.3d 127, 144 (D.C. Cir. 2000)—an assumption the Government readily disputes—

Crosby falters at the first step of our Circuit's "two pronged" test for assessing prosecutorial decision-making, *United States v. Stone*, 394 F. Supp. 3d 1, 30 (D.D.C. 2019): He cannot show that he is, in fact, "similarly situated" to the misdemeanant rioters. "Defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *Branch Ministries*, 211 F.3d at 145. Here, unlike many rioters, Crosby entered the Senate chamber and remained there until ordered to leave—a material factual difference and legitimate prosecutorial factor that distinguishes Crosby's case from others'. And, importantly, individuals present and loitering on the Senate floor who were later identified and arrested have been charged with felony obstruction, *see* Gov't Opp'n to Mot. Dismiss [Dkt. #51] at 12–13—including individuals whose cases involve factual circumstances similar to this one. *See, e.g.*, *United States v. Adams*, No. 21-cr-354 (D.D.C. filed Apr. 2, 2021).

In short, Crosby's claim of selective prosecution fails to rebut the presumption of regularity that attaches to prosecutorial decisions, and must therefore be rejected. The Court must also reject Crosby's alternative argument—which he makes for preservation only—based on the theory articulated in *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022), and repudiated by the majority in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023).

Accordingly, it is hereby

**ORDERED** that [49] Defendant's Motion to Dismiss Count One of the Indictment is **DENIED**; it is further

**ORDERED** that the parties shall appear for a video status conference on September 7, 2023, at 3:30 PM to discuss trial dates and other deadlines in this case; it is further

**ORDERED** that the time until the next hearing is excluded from the Speedy Trial Act calculation, in the interest of justice.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge