UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

        vs.                                           CRIMINAL NO. 1:21-CR-458 (RJL)

RICHARD CROSBY, JR.                       December 2, 2023

## DEFENDANT'S TRIAL BRIEF

Richard Crosby, Jr. ("Mr. Crosby") respectfully submits this trial brief in response to the Court's oral order at the November 21, 2023, final pre-trial conference. Mr. Crosby is charged with obstruction of Congress, in violation of 18 U.S.C. § 1512(c)(2). To prove felony obstruction, the parties agree that the government must prove four elements beyond a reasonable doubt:

(1) Mr. Crosby attempted to or did obstruct or impede an official proceeding;
(2) Mr. Crosby intended to obstruct or impede the official proceeding;
(3) Mr. Crosby acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
(4) Mr. Crosby acted corruptly.

(ECF No. 60 at 2.)

As requested by the Court, this brief addresses the central legal issue in this case: the meaning of "corrupt."

The government contends that "[t]o act 'corruptly,'" first, "the defendant must use independently unlawful means or act with an unlawful purpose, or both," and second, "[t]he defendant must also act with "consciousness of wrongdoing." (*Id.*) "Consciousness of wrongdoing," according to the government, means to act "with an understanding or awareness that what the person is doing is wrong or unlawful." (*Id.*)

Mr. Crosby respectfully disagrees in part. Based on the D.C. Circuit's recent holding in *United States v. Robertson*, Mr. Crosby offers the following edit to the government's definition: "To act

corruptly," first, "the defendant must use independently *felonious* means or act with independently *felonious* purpose."

    **I.**    **The *Robertson* Court outlined a legal framework to assess "corrupt" intent, applying that framework to "independently felonious means" but refusing to apply it to "misdemeanors" or "otherwise unlawful" means.**

Congress passed 18 U.S.C. § 1512(c) as part of the Corporate Fraud Accountability Act of 2002 (one of several acts comprising the Sarbanes-Oxley Act of 2002), and it reads as follows:

> (c) Whoever corruptly . . .
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> > (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> . . . shall be fined under this title or imprisoned not more than 20 years, or both.

Less than two months ago, the D.C. Circuit issued—*for the first time ever*—a decision addressing the meaning of "corruptly," as that term is used in 18 U.S.C. § 1512(c). *See United States v. Robertson*, No. 22-3062, 2023 WL 8010264 (D.C. Cir. Oct. 20, 2023). The defendant-appellant in that case was convicted of felony obstruction, and he challenged whether the evidence presented at trial was sufficient to prove he acted "corruptly." *Id.* at *4. Finding the evidence sufficient, the D.C. Circuit concluded that "corruptly" "delineates whether a defendant's conduct is culpable." *Id.* at *5. The Court also outlined "a range of ways" "sufficient" to prove this culpability.[1] *Id.*

---

[1] Mr. Crosby preserves his objection to the D.C. Circuit's proposed definitions of "corrupt," as offered in the majority opinions in *Robertson* (holding) and *United States v. Fischer* (dicta).

2

Where an "obstructive action" is not "inherently corrupt," *id.* at *7 (citing *United States v. North*, 910 F.2d 843, 882 (D.C. Cir. 1990)), *e.g.,* "clandestinely obtaining grand jury transcripts and selling them to targets of the grand jury's investigation" or "purposefully concealing documents subpoenaed by the IRS," *North*, 910 F.2d at 882, a court then asks whether the "means of obstruction" are "inherently malign," or "independently criminal." *Robertson*, 2023 WL 8010264, at *7. Where the "means of obstruction" are not "inherently malign," "consideration of a defendant's actions alone does not suffice" and a court must then assess whether a defendant's purpose is "depraved, evil, or wrongful." *Id.* (citation omitted). Although the *Robertson* Court acknowledged "corruptly" "can be proved in a variety of ways," *id.* at *8, the Court assessed the sufficiency of the evidence using the district court's definition of "corrupt": "independently unlawful means, unlawful purpose, or both, and with consciousness of wrongdoing," *id.* at *5 (citing *United States v. Robertson*, 610 F. Supp. 3d 229, 233, 236 (D.D.C. 2022)).

Deeming the evidence sufficient to convict the appellant,[2] the D.C. Circuit repeatedly emphasized the appellant's conduct was "felonious": it did so because the appellant's "resort to felonious means unquestionably suffices to establish his culpability." *Id.* at *10. The appellant was not a "mere protestor exercising his First Amendment right to peacefully disagree with the outcome

---

[2] The D.C. Circuit concluded the evidence at trial "amply supported" the jury's finding that the appellant had committed numerous felonious acts. *Robertson*, 2023 WL 8010264, at *9. Declaring his intention to join a "counterinsurgency" and fight in an "open armed rebellion," the appellant "used a stick to hit a police officer and to swipe at another." *Id.* The appellant then "wield[ed] that stick" "as a show of force and intimidation" as he "surg[ed]" forwarded into the Capitol. Once inside, the appellant "beat his stick on the floor" as "other rioters chanted." *Id.* In all, he committed three other felony offenses: remaining in a restricted building or grounds without lawful authority, and disorderly conduct at the Capitol, both with a deadly or dangerous weapon, and interfering with law enforcement officers during the commission of a civil disorder. *Id.* Based on these other offenses and the appellant's use of force and a weapon, the D.C. Circuit found a "jury could easily find" the appellant acted "corruptly" by "using independently unlawful felonious means." *Id.* at *9–10.

3

of the presidential election." *Id.* Nor did the appellant present *any* evidence or argument that he was "merely engaged in peaceful expression" or that his own conduct was "a peaceful effort to convince members of Congress to raise objections to the vote certification." *Id.* at *10, 12. Nor did the appellant engage solely in "minor advocacy, lobbying, and protest offenses" or "non-criminal tortious activity." *Id.* at *10 (citing *United States v. Fischer*, 64 F.4th 329, 380 (D.C. Cir. 2023) (Katsas, J., dissenting). Nor did the prosecution "demonstrate that the [appellant] obstructed a proceeding by relying on proof that the [appellant's] means were misdemeanors or otherwise unlawful." *Id.* at *17. In sum, the appellant's conduct was "independently felonious" and thus fell within the "*core* meaning of 'corruptly.'" *Id.* at *10 (citation omitted) (emphasis added).

If the appellant's conduct fell within the "core" meaning of "corrupt," Mr. Crosby's conduct straddles the outer periphery. This Court should exercise caution and not find Mr. Crosby acted "corruptly" based solely on misdemeanor acts.

II. **This Court should exercise caution and not extend *Robertson*'s definition of "corrupt" to misdemeanor protest and trespass offenses.**

The *Robertson* Court exercised caution when it declined to hold that misdemeanor acts were sufficient to show a defendant acted "corruptly." This caution is merited. Interpreting "corrupt" to mean simply "unlawful," as the government proposes here, would "supercharge" minor protest offenses into 20-year felonies. Such a result is a far cry from what Congress intended when it passed the Corporate Fraud Accountability Act of 2002. As such, this Court should likewise exercise caution.

A. **If "corrupt" means "unlawful," § 1512(c)(2) is transformed from the corporate fraud accountability statute Congress intended into a strict liability statute "supercharging" minor protest offenses into 20-year felonies.**

Section 1512(c) was a late amendment to the Sarbanes-Oxley Act. The statute targeted "those involved in corporate crime," addressing future "indiscretions" such as "the document shredding

4

perpetrated by Arthur Andersen's Enron Audit team." 148 Cong. Rec. S6761 (Senator Snowe); *see id.* at S6545 (Senator Lott) (stating the amendment was designed to prevent "a repeat of what we saw with the Enron matter earlier this year"). The amendment was intended to "close[] loopholes" and "toughen[] penalties" for "shredding documents," *id.* at S6767 (Senator Leahy), and a later House amendment increased the maximum penalty from ten to twenty years. As Representative Sensenbrenner made clear, "the best way" "to rebuild America and the world's confidence in our markets" is to "crack down on the corporate crooks" and "punish them harshly." *Id.* at H4684. By "corporate crook," Congress did not mean Mr. Crosby: an indigent defendant accused of committing misdemeanor protest and trespass offenses, not shielding a multi-billion-dollar corporation from accountability.

Bootstrapping a 20-year felony upon *solely* misdemeanor acts is not consistent with Congress's intent. First, interpreting "corrupt" to mean "unlawful" strips the word "corrupt" of any independent meaning. *Robertson*, 2023 WL 8010264, at *28 (Henderson, J., dissenting). Because subsection (c)(2) is a residual clause with a boundless *actus reus* ("otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so"), deeming trespass alone to be a "corrupt" act renders "corrupt" meaningless:

> What is the obstructive act? Trespass.
> What is the independently unlawful act? Trespass.[3]

---

[3] As instructed by the Court, defense counsel consulted with the government regarding its definition of "corrupt." The government confirmed that it intends to show Mr. Crosby's "independently unlawful act" was "trespass." The government then confirmed it intends to show Mr. Crosby's "independently unlawful purpose" was "securing the presidency for former President Trump."

This construction gives § 1512(c)(2) an "eye-popping sweep." 2023 WL 8010264, at *30 (Henderson, J., dissenting). So long as a defendant violates an independent statute, that defendant comes within § 1512(c)(2)'s staggering reach. Consider the following examples:[4]

- A protestor pickets outside a courthouse, hoping to affect jury deliberations. 18 U.S.C. § 1507 (maximum sentence of one year).
- A federal employee persuades a congressperson to change their vote on pending legislation. 18 U.S.C. § 1913 (criminal fine).
- A protestor sits in the Senate gallery, holds up a sign, and shouts in opposition to a bill. 40 U.S.C. § 5104(e) (six months).
- A protestor laughs during a Senate confirmation hearing.[5] *Id.*

Under the government's proposed definition of "corrupt," each of these individuals would face up to twenty years in prison. If these individuals—like Mr. Crosby—"could be imprisoned for up to twenty years" under § 1512(c)(2) "for engaging in precisely the same conduct" as their misdemeanor acts, Congress's policy choices "would be nullified." 2023 WL 8010264, at *31 (Henderson, J., dissenting).

To say Mr. Crosby acted with "unlawful purpose" is no better. *See* 2023 WL 8010264, at *31 (Henderson, J., dissenting). If Mr. Crosby acted with "unlawful purpose" because he intended to violate a law other than § 1512(c)(2), this construction is *worse* than requiring an "independently unlawful act." Now, instead of proving Mr. Crosby indeed trespassed, the government need only prove he *intended* to trespass. To their credit, the government does not plan to make this argument.

Instead, the government plans to show Mr. Crosby's "unlawful purpose" was "securing the presidency for former President Trump."[6] (*See supra* at 5 n.2.) But this "unlawful purpose" renders

---

[4] *See id.* (citing *Fischer*, 64 F.4th at 380 (Katsas, J., dissenting)).
[5] Kalhan Rosenblatt, *Activist Faces New Trial for Laughing During Jeff Sessions Hearing*, NBC NEWS (July 14, 2017), available at https://www.nbcnews.com/news/us-news/activist-faces-new-trial-laughing-during-jeff-sessions-hearing-n782921.
[6] This "unlawful purpose" raises constitutional vagueness concerns. To the extent the government suggests "corrupt" means "depraved," "evil," "immoral," "wicked," or "improper," the government runs headlong into D.C. Circuit

superfluous the corrupt intent element of § 1512(c)(2). On the one hand, the government says Mr. Crosby had the *specific intent* to obstruct because he wanted to "affect the election" (ECF No. 60 at 14), and on the other hand, the government says Mr. Crosby acted *corruptly* because he wanted to "secur[e] the presidency for former President Trump."[7] Regardless of semantics, the result is the same: the government relies on Mr. Crosby's *specific intent* to prove his *corrupt intent*. They are not one and the same, and to say otherwise is to again give § 1512(c)(2) "eye-popping sweep." 2023 WL 8010264, at *30 (Henderson, J., dissenting). Indeed, § 1512(c)(2) would apply to *every person* in the Capitol on January 6, 2021.

To limit this broad sweep, Mr. Crosby offers a simple alternative that is well-grounded in the *Robertson* Court's decision: "To act corruptly," first, "the defendant must use independently *felonious* means or act with independently *felonious* purpose."[8] *Accord United States v. Jake Maxwell*, 22-cr-99 (RJL), ECF No. 1 (physically fought with police officers and grabbed an officer's baton); *United States v. Chad Jones*, 21-cr-213 (RJL), ECF No. 1 (forcefully struck glass panel of door to Speaker's lobby ten times); *United States v. Wilmar Montano-Alvarado*, 21-cr-154 (RJL), ECF No. 1

---

caselaw. The D.C. Circuit ruled this language, as found in 18 U.S.C. § 1505, unconstitutionally vague in *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991). The D.C. Circuit cured this vagueness by limiting § 1505's *actus reus*. Section 1512(c)(2)'s *actus reus* has the same breadth the *Poindexter* Court encountered when holding § 1505 to be unconstitutionally vague.

[7] In addition, "securing the presidency for former President Trump" is not *per se* an independently unlawful purpose. For example, Mr. Crosby may hold this view as part of his own "peaceful effort to convince members of Congress to raise objections to the vote certification." *Robertson*, 2023 WL 8010264, at *12.

[8] This Court should apply the rule of lenity. The Supreme Court has thrice applied it in the context of obstruction statutes. *See Marinello v. United States*, 138 S. Ct. 1101, 1106 (2018); *Yates v. United States*, 574 U.S. 528, 548 (2015); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 703–04 (2005). These cases make clear: "[c]ourts should not assign federal criminal statutes a 'breathtaking' scope when a narrower reading is reasonable." *Fischer*, 64 F.4th at 383 (Katsas, J., dissenting) (citation omitted). The government's definition of "corrupt" gives § 1512(c)(2) "breathtaking" scope. This Court should adopt a "narrower reading."

(participated in front line of rioters violently battling line of police officers, and actively pushed alongside rioters to break through the line).

## CONCLUSION

The D.C. Circuit provided this Court with an escape hatch to avoid giving § 1512(c)(2) "eye-popping sweep." Confronted with a felony prosecution built *solely* on misdemeanor acts, this Court should uphold Congress's intent. This Court should find that Mr. Crosby did not act "corruptly" unless he used independently *felonious* means or acted with an independently *felonious* purpose.

Dated: December 2, 2023

/s/ Daniel M. Erwin
Daniel M. Erwin
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct28947
Email: Daniel_Erwin@fd.org

Assisting on the Brief:

Robert H. Hendricks
Research & Writing Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel M. Erwin
Daniel M. Erwin