UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-458 (RJL) |
| | : | |
| **RICHARD CROSBY, JR.,** | : | |
| | : | |
| **Defendant** | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S TRIAL BRIEF**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to the Defendant's Trial Brief regarding the definition of "corruptly."

## BACKGROUND

The defendant, Richard Crosby, Jr., is charged with violating, *inter alia,* Title 18, United States Code, Sections 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count 1).

At the pretrial conference, the Court ordered the parties to confer on what the government is required to prove beyond a reasonable doubt in order to prove the defendant acted "corruptly" on January 6 with respect to Count One.

As previously submitted, it is the government's position that in order to find the defendant guilty of Obstruction of an Official Proceeding, this Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

1

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly. To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

The defendant submitted a brief wherein he argues that to find the defendant guilty of Obstruction of an Official Proceeding, with respect to "corruptly," this Court must find beyond a reasonable doubt that first, "the defendant must use independently *felonious* means or act with independently *felonious* purpose." (emphasis in original); *See* ECF No. 76, pages 1-2. The defendant argues that the Circuit's decision in *United States v. Robertson,* 2023 WL 8010264 (D.C. Cir. 2023), dictates this result. However, the defendant's position represents a clear misreading of the *Robertson* decision.

## ARGUMENT

### A. Defendant Misreads the Requirements for Establishing "Corrupt" Conduct Under 18 U.S.C. §1512(c)(2)

The defendant has misstated the D.C. Circuit's holding in *Robertson*. It is correct that the defendant in *Robertson* engaged in independent felonious conduct, which the D.C. Circuit found "unquestionably suffices to establish his culpability." *Id.* at *10. However, the D.C. Circuit explicitly said that it was not "impos[ing] such a requirement" that a defendant act through independently unlawful means, much less independently felonious means. *Id.* at *11, n.8. Rather than impose such a requirement, the Court explained that "'corruptly' encompasses multiple ways of acting with corrupt purpose or corrupt means." *Id*. at *8

2

First, as *Robertson* makes clear, regardless of his means, a defendant can act with a corrupt or wrongful purpose. *Id.* at *7 ("under circumstances where a defendant's conduct is not inherently corrupt nor his means independently wrongful, 'corruptly' can be proved by examining the defendant's purpose"). That requirement may be satisfied regardless of whether the defendant's actions are independently wrongful. *Id.* Accordingly, *Robertson* took no issue with the District Court's jury instruction for corruptly— "[t]o act 'corruptly,' the defendant must use unlawful means or act with *an unlawful purpose*, or both." *Id.* at *3 (emphasis added). Thus, to prove a defendant guilty of violating Section 1512(c)(2) the government need not prove any additional crimes at all, much less additional felonies.[1]

Second, *Robertson* also made clear that a defendant acts corruptly when he or she uses independently unlawful means. *Id.* at *7 ("In sum, the ordinary meaning of the word 'corruptly' in 18 U.S.C. § 1512(c)(2) encompasses acting through independently unlawful means — just as the district court instructed the jury."). The Court did not hold that those means must be independently felonious. Instead, it held that Robertson's "resort to felonious means unquestionably suffices to establish his culpability." *Id.* at *10. In other words, it held that independently felonious conduct is sufficient to establish that a defendant acted corruptly, but nowhere held that it is necessary.

To be sure, the Court declined to address "[w]hether § 1512(c)(2) applies to defendants who obstruct Congress by means of only 'minor advocacy, lobbying, and protest offenses,' … or

---

[1] It is noted that the Court in *Robertson* also opined as to whether consciousness of wrongdoing was even required to prove a violation of Section 1512(c)(2). "Because § 1512(c)(2) does not contain a 'knowingly corrupt' requirement, it is not apparent that 'consciousness of wrongdoing' must be proved in this context. Nevertheless, the jury necessarily found that the evidence met that standard when it convicted Robertson; and showing 'consciousness of wrongdoing' may itself suffice to prove corrupt intent." 2023 WL 6932346, at *9 n.5.

3

by 'non-criminal tortious activity.'" *Id.* quoting *United States v. Fischer*, 64 F.4th 329, 339-42 (D.C. Cir. 2023) (Katsas, J., dissenting). However, while *Robertson* did not expressly hold that one may act corruptly through independently unlawful misdemeanor offenses, its logic compels that conclusion. At no point in its lengthy discussion of the meaning of "corruptly" in Section 1512(c)(2) did the panel majority distinguish between felonious and non-felonious conduct. *Id.* at *6-9. Instead, it used language and logic that applies to all unlawful conduct, regardless of the potential penalty. *See*, *e.g.*, *id.* at *7 ("the requirement that a defendant act 'corruptly' is met by establishing that the defendant acted with a corrupt purpose or via independently corrupt means"); *id.* at *8 ("the district court correctly instructed the jury, in relevant part, that one way to prove that a defendant acted 'corruptly' is to demonstrate that he 'obstruct[ed] or impede[d] . . . by engaging in other independently unlawful conduct"); *id.* at *9 ("Defining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful" — provides an objective measure of culpable conduct that is straightforward to apply: A court or a jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede, or influence the proceeding."). The Court's opinion in *Robertson* thus not only fails to support the defendant's argument but undermines it entirely.

As a result, the defendant's claim that the government is required to prove beyond a reasonable doubt that the defendant used independently *felonious* means or act with independently *felonious* purpose to prove a violation of 18 U.S.C. § 1512(c)(2) is unfounded.

The defendant's argument has already been rejected by a Court in this District.  Judge Friedman recently denied a Rule 29 motion to dismiss a count under 18 U.S.C. § 1512(c)(2) where the same arguments regarding "independent felonious means" were advanced by trial defense counsel representing a defendant charged with the same offenses (i.e., the § 1512(c)(2) count and

four misdemeanor counts).  *See United States v. Gunby*, 21-cr-626, November 8, 2023 Minute Entry.

The defendant again argues the Court should apply the rule of lenity, but the rule of lenity applies "only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended.'"  *United States v. Fischer*, 64 F.4th 329, 350 (D.C. Cir. 2023) (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (1994)).  In addressing another argument from another January 6 defendant, the Circuit concluded, "the language of § 1512(c)(2) is clear and unambiguous.  Restraint and lenity therefore have no place in our analysis."  *Id.*

## CONCLUSION

The government submits the Court's elements for Section 1512(c)(2) in *United States v. Chad Barret Jones* are correct.  *See* 21-cr-213 (RJL), ECF No. 75, pages 3-5. Accordingly, to find the defendant guilty of violating Section 1512(c)(2), for purposes of "corruptly," the government need only prove that in addition to consciousness of wrongdoing, the defendant used independently unlawful means or acted with an unlawful purpose, or both.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

                /s/ *Douglas G. Collyer*
                DOUGLAS G. COLLYER
                Assistant United States Attorney
                NDNY Bar No. 519096
                14 Durkee Street, Suite 340
                Plattsburgh, NY 12901
                (518) 314-7800
                Douglas.Collyer@usdoj.gov

        ADAM M. DREHER
        Assistant United States Attorney
        MI Bar No. P79246
        601 D. St. N.W.
        Washington, D.C. 20530
        (202) 252-1706
        Adam.Dreher@usdoj.gov

        CARLOS A. VALDIVIA
        Assistant United States Attorney
        D.C. Bar No. 1019242
        601 D. St. N.W.
        Washington, D.C. 20530
        202-252-7508
        Carlos.Valdivia@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this opposition was sent to counsel for the defendant, Daniel Erwin, on December 4, 2023, via CM/ECF and/or by email.

        __/s/_____
        Douglas G. Collyer