UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

vs.   CRIMINAL NO. 1:21-CR-458(RJL)

RICHARD CROSBY, JR.   February 2, 2024

## DEFENDANT'S MOTION TO STAY AND CONTINUE TRIAL PENDING SUPREME COURT'S RULING IN FISCHER V. UNITED STATES, 23-5572

Counsel for the defendant in the above-captioned matter respectfully moves to stay and continue trial in this matter pending the outcome of the *Fischer v. United States*, 23-5572, which is currently pending in the United States Supreme Court. The basis for this motion is that the *Fischer* case concerns the application of 18 U.S.C. §1512(c), Obstruction of an Official Proceeding, to conduct arising out of the events of January 6, 2021. Mr. Crosby is charged with obstruction in Count 1 of the Indictment. Were the Supreme Court to reverse the Court of Appeal's decision from *United States v. Fischer*, 64 F.4th 329 (D.C. Cir., 2023), it would likely dispose of Count 1 in this case. Accordingly, Mr. Crosby cites the interests of judicial economy, the conservation of resources, and the potentially-altered plea bargaining landscape that could arise, as warranting a stay and continuance of trial. He further addresses the basis for this motion herein.

1. Mr. Crosby is charged with felony Obstruction of Congress in Count 1 of the Indictment.

2. He previously moved to dismiss Count 1 on various grounds. Doc. No. 49. Among those grounds were the rationales asserted by the defendants in *Fischer* and *United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022). He noted that this court was bound by the Court of Appeals decision in *Fischer*, *supra*, 64 F.4th 329; and that he was asserting that argument for preservation purposes only. Doc No. 49 at 2. This Court noted as much and denied the motion. Doc. No. 56.

3. On December 13, 2023, the United States Supreme Court granted certiorari in *Fischer* under docket number 23-5572. The question presented is whether the Court of Appeals erred in construing 18 U.S.C. § 1512(c), which probits obstruction of congressional inquires and investigations, to acts unrelated to investigations and evidentiary proceedings. A reversal in *Fischer* would likely be dispositive of Count 1 in this case.

4. A bench trial is scheduled for this matter commencing on March 5, 2024. The sole issue at trial is whether Mr. Crosby obstructed Congress as alleged in Count 1.

5. This Court has already postponed a January 6 trial in circumstances similar to the ones presented here. It did so in *United States v. Costianes*, 1:21-cr-180 (RJL). Importantly, the *Costianes* case presents the same charges as those presented here: one count of felony obstruction and misdemeanors related to trespassing in the Capitol, parading, disrupting, and unlawfully entering the Senate chamber. Additionally, the conduct alleged is largely parallel in that the defendant is also accused of entering the Senate chamber much like Mr. Crosby is accused of doing. This Court granted a similar defense motion to continue in *Costianes* stating that:

> Upon consideration of 79 Defendant's Motion to Continue Trial, 80 Government's Opposition to Defendant's Motion to Continue Trial, 84 Reply by Defendant to Government Opposition to Motion to Continue Trial, and the entire record herein, it is hereby ORDERED that the motion is GRANTED. "In considering a stay pending resolution of independent proceedings, a court 'must weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Vallejo Ent. LLC v. Small Bus. Admin.*, 2023 WL 3275634, at *1 (D.D.C. May 5, 2023) (quoting *Belize Soc. Dev. Ltd. v. Govt of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012)); *see also id.* at *2 (explaining that the standard governing a stay pending appeal is different than the standard for a stay pending resolution of independent proceedings). Here, a stay of proceedings pending the Supreme Court's forthcoming decision in *United States v. Fischer*, No. 23-5572, will conserve significant judicial and party resources, given that the lead and sole felony count to be proved at defendant's trial chases the issue the Supreme Court has now agreed to examine: whether 18 U.S.C. § 1512(c) can be used to prosecute January 6-

related conduct. While the Court is mindful of the Government's interest in timely adjudication of this case, the clear efficiency gains in postponing defendant's bench trial until the Supreme Court defines the scope of Section 1512(c)--a ruling that will impact not only both sides' approaches to trial and the Court's eventual verdict, but also the parties' appetite for pretrial disposition--outweigh the hardship to the Government here. Accordingly, the trial in this case is CONTINUED and proceedings are STAYED until after the Supreme Court decides Fischer.

6. Judge Nichols granted a stay on a similar basis in *United States v. Sahady*, postponing trial until August 2024. 1:21-cr-134 (CJN) (1/25/24 minute entry).

7. Additionally, Judge Boasberg has partially stayed a trial on similar grounds in *United States v. Bennett*, 1:21-cr-312 (JEB) (1/4/24 minute entry): he denied a motion to continue trial, where the case was not so clearly dependent upon the obstruction charge as is it here, but permitted that defendant to plead guilty on other counts and stayed the obstruction count until *Fischer* was decided.

8. The interests at stake here are precisely the same. Where obstruction is the sole and lead felony count, a reversal in *Fischer* may alter the appetite for trial substantially. Alternatively, an affirmance may provide the parties insight into law surrounding other issues related to this application of the obstruction statute at trial. In either event, the process would be far more efficient having final say, or useful dicta, from the highest court in the land.

9. Undersigned counsel has discussed with Mr. Crosby this motion and his speedy trial rights. Mr. Crosby has permitted counsel to represent that he will waive speedy trial time until a period following the release of the Supreme Court's decision in *Fischer*.

10. Counsel for the government objects to the granting of this motion.

WHEREFFORE, the defense respectfully requests that the Court (1) stay and continue this matter until the release of the *Fischer* decision; (2) exclude speed trial time; and (3) order the parties to file

3

a status report or appear for a remote status conference 15 days after the release of the Supreme Court's opinion.

                Respectfully submitted,

                THE DEFENDANT,
                RICHARD CROSBY

                OFFICE OF THE FEDERAL DEFENDER

Dated: February 2, 2024      */s/ Daniel M. Erwin*
                Daniel M. Erwin
                Assistant Federal Defender
                265 Church Street, Suite 702
                New Haven, CT 06510
                Phone: (203) 498-4200
                Bar No.: ct28947
                Email: Daniel_erwin@fd.org

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on February 2, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                */s/ Daniel M. Erwin*
                Daniel M. Erwin